BENJAMIN B. WAGNER
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>           v.<br><br>ALEJANDRO MANUEL PEREZ,<br><br>                    Defendant. | Case No: 1:12-cr-00061 LJO<br><br>**MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c)(1)(C) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**<br><br>Date:     TBD<br>Time:    TBD<br>Ctrm:    4<br><br>Hon. Lawrence J. O'Neill |

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by and through Benjamin B. Wagner, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Brian W. Enos, has agreed with defendant ALEJANDRO MANUEL PEREZ ("defendant"), and his attorney, Kyle J. Humphrey, as set forth below. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.

///

1

1. <u>Charges</u>.

The defendant acknowledges that he has been charged in an indictment as follows:

Sex Trafficking of a Minor or by Force, Fraud or Coercion, in violation of Title 18, United States Code, Section 1591(a)(1) (Count One); and

Participating in a Sex Trafficking Venture, in violation of Title 18, United States Code, Section 1591(a)(2) (Count Two).

2. <u>Nature, Elements and Possible Defenses</u>.

The defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crime charged in Count Two of the indictment to which he is pleading guilty, together with the possible defenses thereto, and he has discussed them with his attorney.

The elements of the crime of Participation in a Sex Trafficking Venture, as alleged in Count Two of the indictment, are as follows:

First,	Defendant, in or affecting interstate commerce;

Second,	knowingly benefits, either financially or by receiving anything of value, from participation in a venture which did recruit, entice, harbor, transport, provide, obtain or maintain by any means a person;

Third,	with knowledge, or reckless disregard of the fact, that

such person has not attained the age of 18 and will be caused to engage in a commercial sex act, or,

force, fraud or coercion will be used to cause the person to engage in a commercial sex act.

3. <u>Agreements by the Defendant</u>.

(a)	Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

(b)	Defendant agrees to enter a plea of guilty to Count Two of the indictment, which charges him with Participation in a Sex Trafficking Venture, in violation of Title 18, United States Code, Section 1591(a)(2).

2

(c) As specified within Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, defendant understands and agrees that the court can either accept this plea agreement entered into by the parties, at which time it will be binding upon the court, or the court can reject the agreement. If the court rejects the agreement, then either (1) the defendant or the government will have the option to withdraw from the plea agreement, or, alternatively, (2) the defendant will have the option of pleading guilty to the charges in the indictment without an agreement with the government.

(d) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his plea, conviction, restitution imposed or any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction, restitution imposed or his sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal his plea, conviction, restitution imposed or sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742 or otherwise. The defendant further agrees not to contest his plea, conviction, restitution imposed or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255 or § 2241.

(e) The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(f) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorney's fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(g) The defendant agrees that the sentencing court will consult the 2012 edition of the United States Sentencing Commissions Guidelines ("USSG"), as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S.Ct. 738

3

1  (2005), and must take them into account when determining a reasonable sentence in light of the factors
2  set forth in 19 U.S.C. § 3553(a).

3      (h)    Defendant agrees that his conduct is governed by USSG Section 2G1.3, and that the base
4  offense level for his crime is thirty (30) under USSG § 2G1.3(a)(2), plus two (2) levels because the
5  offense to which defendant pleads guilty involved the use of a computer (§ 2G1.3(b)(3)), for an
6  aggregate offense level of thirty-two (32).

7      (i)    The defendant agrees that his total adjusted offense level, after reduction of three (3)
8  levels for acceptance of responsibility, will be twenty-nine (29).  In light of defendant's criminal history
9  level III pursuant to Guideline Section 4A1.1, his applicable sentencing range is 108-135 months.
10 However, defendant agrees that, under 18 U.S.C. § 1591(b)(2), he will be subject to a statutory
11 mandatory minimum term of imprisonment of ten years, or 120 months.  Defendant agrees not to
12 challenge the imposition of the mandatory minimum prison term of ten years (120 months) in this case.

13     (j)    The defendant agrees that one component of an overall reasonable sentence will be a term
14 of imprisonment of 120 months, and he agrees not will not in any way, directly or indirectly (by himself
15 or through others), request a sentence that includes a term of imprisonment of less than 120 months
16 imprisonment.  He will not request a sentence of less than 120 months imprisonment by way of a request
17 for a downward departure in offense level or criminal history category or by reference to sentencing
18 factors under 18 U.S.C. § 3553(a) or any other means.

19     (k)    The defendant agrees that another component of a "reasonable sentence" will include a
20 term of supervised release of one hundred twenty (120) months.

21     (l)    If the defendant's conviction on the count to which he is pleading is ever vacated at the
22 defendant's request, or his sentence is ever reduced at his request, the government shall have the right
23 (1) to prosecute the defendant on any of the counts to which he pleaded guilty, (2) to reinstate any
24 counts that may be dismissed under this agreement, and (3) to file any new charges that would otherwise
25 be barred by this agreement.  The decision to pursue any or all of these options is solely in the discretion
26 of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any
27 objections, motions, and defenses he might have to the government's decision, including Double

28

4

Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(m)   Defendant agrees that his conduct is governed by mandatory restitution pursuant to 18 U.S.C. § 2259 and United States v. Kennedy, 643 F.3d 1251 (9th Cir. 2011), and agrees to pay the victims the full amount of their losses as ordered by the court and as a result of the defendant's conduct as charged in the indictment.  Defendant agrees that the mandatory restitution applies to those victims affected by the charges as set forth in the indictment, including those counts being dismissed as part of the plea agreement and regardless of whether or not the victims are included in the factual basis.

(n)   The defendant acknowledges that he has been advised, and he understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep his registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student.  He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or student, among other information.  He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or student not later than three business days after any change in name, residence, employment, or student status.  The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

(o)   Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253.  Those assets include, but are not limited to, the following:

    (1)   Any and all property the government establishes at sentencing or a subsequent restitution hearing to have been used or intended to have been used in any manner or part to commit and to promote the commission of the violation to which defendant pled guilty the ["proven assets"].

5

Defendant agrees that the proven assets constitute property items which contain visual depictions mailed, shipped, or transported in violation of 18 U.S.C. § 1591(a) or was used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violation, all in violation of 18 U.S.C. § 2253.

Defendant agrees to fully assist the government in the forfeiture of the proven assets and to take whatever steps are necessary to pass clear title to the United States.  Defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the proven assets.

Defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  Defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant waives oral pronouncement of forfeiture at the time of sentencing and any defects in such pronouncement that pertain to forfeiture, and waives any defenses to forfeiture, including any defense predicated on the Ex Post Facto, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution.  The defendant knowingly and voluntarily waives any right to a jury trial in any criminal or civil forfeiture proceeding.

4. <u>Agreements by the Government</u>.

(a)   The government agrees that defendant's conduct is governed by USSG Section 2G1.3, and that the base offense level for his crime is thirty (30) under USSG § 2G1.3(a)(2), plus two (2) levels because the offense to which defendant pleads guilty involved the use of a computer (§ 2G1.3(b)(3)), for an aggregate offense level of thirty-two (32).

(b)   The government will recommend a three-level reduction in the computation of his offense level (for a final sentencing level of twenty-seven (29)) if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

6

(c) The government will move to dismiss Count One of the indictment in this case if the defendant is sentenced under the terms of this plea agreement. The government makes no representations to defendant other than those contained in this plea agreement.

(d) The government will recommend a sentence of imprisonment of 120 months, the statutory minimum term of imprisonment allowed under Title 18, United States Code § 1591(b)(2).

(e) The government agrees to a term of supervised release of 120 months.

5. Factual Basis.

The defendant will plead guilty because he is in fact guilty of the crime set forth in Count Two of the indictment. Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

> Defendant, from approximately February 4, 2010 and continuing through approximately March 13, 2010, in Tulare County, within the State and Eastern District of California and in and affecting interstate commerce, knowingly did benefit, financially or by receiving anything of value, from participation in a venture which did recruit, entice, harbor, transport, provide, obtain, and maintain by any means, a person, to wit: a minor female victim, while knowing, or in reckless disregard of the fact, that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, or that means of force, threats of force, fraud or coercion, or any combination of such means, would be used to cause the person to engage in a commercial sex act, all in violation of Title 18, United States Code, Section 1591(a)(2).

6. Potential Penalties.

Defendant understands that because the count to which he is pleading guilty occurred after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission.

The following are the potential penalties that the defendant faces:

**Count Two:   Participation in Sex Trafficking Venture
(18 U.S.C. § 1591(a)):(2)**   KH

(a) Imprisonment.

Minimum (Mandatory): Ten (10) years.
Maximum: LIFE.

(b) Fine.

Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

7

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

    Minimum:    Five Years.
    Maximum:    Lifetime (18 U.S.C. 3583(k))

(Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court or five years, whichever is less.)

(e) Penalty Assessment:

    Mandatory: One Hundred Dollars ($100).

7. <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)    If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. But in order that the trial be conducted by a judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b)    If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c)    If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

8

  (d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

  (e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

  Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

  8. <u>Questions by Court</u>.

  Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

  9. <u>Entire Agreement</u>.

  This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

  10. <u>Court not a Party</u>.

  It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

///

///

Case 1:12-cr-00061-LJO-SKO   Document 36   Filed 10/30/13   Page 10 of 10

11. <u>Presentence Report</u>.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

BENJAMIN B. WAGNER
United States Attorney

Dated: 10.30.13    By: /s/ Brian W. Enos
BRIAN W. ENOS
Assistant U.S. Attorney

Dated: 10-28-13    /s/ Alejandro Manuel Perez
ALEJANDRO MANUEL PEREZ
Defendant

Dated: 10-28-13    /s/ Kyle J. Humphrey
KYLE J. HUMPHREY, Esq.
Attorney for Defendant

10